# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ELIOSA HERNANDEZ TORAL INDIVIDUALLY AND AS NEXT FRIEND OF Y.L., A MINOR, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § § | Civil Action No. 4:24-cv-3 Judge Mazzant |
| RONALD LEE HAWK AND XPO LOGISTICS FREIGHT, INC., | § § § § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Ronald Lee Hawk and Defendant XPO Logistics Freight, Inc.'s Motion for Summary Judgment and Brief in Support (Dkt. #19). Also pending before the Court is Plaintiff's First Amended No Evidence Motion for Summary Judgment (Dkt. #41). Having considered the Motions, the relevant pleadings, the record on summary judgment, and the applicable law, the Court finds that both Motions should be **DENIED**.

## BACKGROUND

On October 2, 2024, Defendants filed their Motion for Summary Judgment (Dkt. #19). Through it, Defendants seek summary judgment on Plaintiff's negligence claims against Ronald Lee Hawk ("Hawk") and respondeat superior claim against XPO Logistics Freight, Inc. ("XPO") (Dkt. #19). Defendants do not claim an entitlement to summary judgment on Plaintiff's direct negligence claims against XPO (*See* Dkt. #19). On October 23, 2024, Plaintiff filed her Response (Dkt. #26). Defendants did not reply.

Separately, on December 29, 2024, Plaintiff filed a Motion for Leave to File a No Evidence Motion for Summary Judgment on Defendants' Counterclaims (Dkt. #34). The Court granted Plaintiff leave to do so (Dkt. #39). On January 21, 2025, Plaintiff filed her No Evidence Motion for Summary Judgment (Dkt. #40). The same day, Plaintiff filed one of the instant Motions—her First Amended No Evidence Motion for Summary Judgment (Dkt. #41). Through her Motion, Plaintiff claims an entitlement to summary judgment on each of Defendants' counterclaims. On February 11, 2025, Defendants filed their Response (Dkt. #50). Plaintiff has not replied. Both Motions are now ripe for adjudication.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of

material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

After a careful review of the entire summary judgment record and the parties' arguments, the Court is not convinced that either party has met their burden to demonstrate that there are no issues of material fact that entitles either party to judgment as a matter of law. This case is laden with fact questions, and it is a jury's province to decide those fact questions.

## CONCLUSION

It is therefore **ORDERED** that Defendant Ronald Lee Hawk and Defendant XPO Logistics Freight, Inc.'s Motion for Summary Judgment and Brief in Support (Dkt. #19) is hereby **DENIED**. It is further **ORDERED** that Plaintiff's First Amended No Evidence Motion for Summary Judgment (Dkt. #41) is hereby **DENIED**. Plaintiff's No Evidence Motion for Summary Judgment (Dkt. #40) is hereby **DENIED as moot.**

**IT IS SO ORDERED.**

SIGNED this 13th day of February, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE